UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **CELIA GETZBERG**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**GATTLE'S, INC.**, a Florida corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No.  2:21-cv-590<br><br>Judge:<br><br>Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **CELIA GETZBERG** ("GETZBERG" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

**CAUSES OF ACTION**

1. This is an action brought under the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), and the Florida Civil Rights Act (FCRA) for (1) age discrimination in violation of the ADEA, (2) age discrimination in violation of the FCRA, (3) disability discrimination in violation of the ADA, and (4) disability discrimination in violation of the FCRA.

1

## PARTIES

2. The Plaintiff, **CELIA GETZBERG** ("**GETZBERG**") is an individual and a resident of Florida who at all material times was employed by the Defendant.

3. Defendant, **GATTLES, INC.** ("Defendant") is a Florida corporation with a principal place of business located in Naples, Florida, and employed **GETZBERG** at that location.

4. At all material times, the Defendant employed greater than twenty (20) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **GETZBERG**'s state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked for the Defendant in Collier County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Collier County is within the Fort Myers Division.

8. **GETZBERG** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on July 24, 2021 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A.)

## GENERAL ALLEGATIONS

9. **GETZBERG** began her employment with the Defendant in November 1997 and was employed as a bedding department manager and buyer.

10. **GETZBERG** was born in 1945 and thus was well over the age of 40 at the time of her termination by the Defendant.

11. **GETZBERG** always performed her assigned duties in a professional manner and was very well qualified for her position.

12. **GETZBERG** always met and exceeded performance and productivity goals, and received very good to excellent performance reviews.

13. **GETZBERG** was a qualified person with a disability, and thus a member of a protected class, as she suffers from impairments of the cardio-pulmonary, more specifically COPD (a fact the Defendant was aware of).

14. **GETZBERG**'s impairments impact her ability to perform major life activities, such as breathing and working when not in remission.

15. **GETZBERG** has a history of these impairments that limits major bodily functions and several major life activities. **GETZBERG**'s impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

16. Beginning in March 2020, **GETZBERG** began to be subjected to discrimination based upon her age and disability.

17. Specifically, on or about March 19, 2020, the Defendant's general manager approached **GETZBERG** and informed her that she and the Defendant's owner had been fighting about **GETZBERG**.

18. The Defendant's general manager informed **GETZBERG** that the Defendant's owner stated to her that he did not want **GETZBERG** employed any longer due to her age and health and the COVID-19 pandemic. The Defendant's owner stated that he was concerned **GETZBERG** would contract COVID-19 while at work and bring legal action against the company.

19. Shortly thereafter, the Defendant's operation shutdown as the COVID-19 pandemic continued to spread throughout the United States.

20. When the Defendant reopened, **GETZBERG** returned to work.

21. However, on June 9, 2020, the Defendant's general manager informed **GETZBERG** that she thought **GETZBERG** looked tired and appeared to her to have difficulty breathing. The general manager then informed her that she was reducing **GETZBERG**'s hours to part-time, and that she had gone ahead and hired a new employee to replace her who "is young and has energy."

22. Seeing that she had been replaced due to her age and disability, **GETZBERG** formally resigned on June 10, 2020.

23. At all material times, the Defendant was aware of **GETZBERG**'s age and disability, which are the bases for its discriminatory employment practices toward her.

## COUNT I – VIOLATION OF THE ADEA

24. Plaintiff incorporates by reference Paragraphs 1-23 of this Complaint as though fully set forth below.

25. **GETZBERG** was an employee and the Defendant was her employer covered by and within the meaning of the ADEA.

26. **GETZBERG** is a member of the protected age class (over the age of 40).

27. **GETZBERG** was well qualified for the positions she held with the Defendant.

28. Despite her qualifications, **GETZBERG** has suffered adverse employment action in the form of termination.

29. A younger person with inferior qualifications and performance replaced **GETZBERG**.

30. The Defendant sought applicants for the same position that **GETZBERG** held who were outside of **GETZBERG**'s protected class.

31. The Defendant has discriminated against **GETZBERG** in the terms and conditions of her employment on the basis of her age, in violation of ADEA.

32. The Defendant engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, by terminating **GETZBERG** because of her age.

33. The Defendant's violations of the law were knowing and willful.

34. A causal connection exists between **GETZBERG**'s age and her termination.

35. As a result of the above-described violations of the ADEA, **GETZBERG** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

36. **GETZBERG** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all age discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

    iii.    Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

    iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    v.    Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

    vi.    Reasonable attorney's fees plus costs;

    vii.    Liquidated damages, and;

    viii.    Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- AGE DISCRIMINATION

37.    Plaintiff incorporates by reference Paragraphs 1-23 of this Complaint as though fully set forth below.

38.    **GETZBERG** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

39.    **GETZBERG** is a member of the protected age class (over the age of 40).

40.    **GETZBERG** was well qualified for the positions she held with the Defendant.

41.    Despite her qualifications, **GETZBERG** has suffered adverse employment action in the form of termination.

42. A younger person with inferior qualifications and performance replaced **GETZBERG**.

43. The Defendant sought applicants for the same positions that **GETZBERG** held who were outside of **GETZBERG**'s protected class.

44. The Defendant has discriminated against **GETZBERG** in the terms and conditions of her employment on the basis of her age, in violation of the FCRA.

45. The Defendant engaged in unlawful employment practices in violation of the FCRA by terminating **GETZBERG** because of her age.

46. The Defendant's violations of the law were knowing and willful.

47. A causal connection exists between **GETZBERG**'s age and her termination.

48. As a result of the above-described violations of the FCRA, **GETZBERG** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

49. **GETZBERG** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all age discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Punitive damages, and;

ix. Such other relief as this Court shall deem appropriate.

## **COUNT III – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED**

50. The Plaintiff hereby incorporates by reference Paragraphs 1-23 in this Count by reference as though fully set forth below.

51. At all relevant times, **GETZBERG** was an individual with a disability within the meaning of the ADAAA.

52. Specifically, **GETZBERG** has physical impairments that substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

53. **GETZBERG** is a qualified individual with disabilities as that term is defined in the ADAAA.

54. **GETZBERG** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of the job with Defendant.

55. At all material times, **GETZBERG** was an employee and Defendant was her employer covered by and within the meaning of the ADAAA.

56. Defendant was made aware and was aware of **GETZBERG**'s disabilities, which qualify under the ADAAA.

57. Defendant discriminated against **GETZBERG** with respect to the terms, conditions, and privileges of employment because of her disabilities.

58. Defendant conducted itself with malice or with reckless indifference to **GETZBERG**'s federally protected rights.

59. Defendant discriminated against **GETZBERG** in violation of the ADAAA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

60. The conduct of Defendant altered the terms and conditions of **GETZBERG**'s employment and **GETZBERG** suffered negative employment action in the form of discipline and termination.

61. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **GETZBERG** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

62. As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **GETZBERG** is entitled to all relief necessary to make her whole.

63. As a direct and proximate result of the Defendant's actions, **GETZBERG** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

64. **GETZBERG** has exhausted her administrative remedies and this count was timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all disability discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Punitive damages, and;

ix. Such other relief as this Court shall deem appropriate.

### COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

65. The Plaintiff hereby incorporates by reference Paragraphs 1-23 in this Count by reference as though fully set forth below.

66. At all relevant times, **GETZBERG** was an individual with a disability within the meaning of the FCRA.

67. Specifically, **GETZBERG** has physical impairments that substantially limit one or more major life activities, has a record of the impairment, and is regarded by the Defendant as having such impairments.

68. **GETZBERG** is a qualified individual with disabilities as that term is defined in the FCRA.

69. **GETZBERG** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of her own job with Defendant.

70. At all material times, **GETZBERG** was an employee and Defendant was her employer covered by and within the meaning of the FCRA.

71. Defendant was made aware and was aware of **GETZBERG**'s disabilities, which qualify under the FCRA.

72. Defendant discriminated against **GETZBERG** with respect to the terms, conditions, and privileges of employment because of her disabilities.

73. Defendant conducted itself with malice or with reckless indifference to **GETZBERG**'s protected rights under Florida law.

74. Defendant discriminated against **GETZBERG** in violation of the FCRA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

75. The conduct of Defendant altered the terms and conditions of **GETZBERG**'s employment and **GETZBERG** suffered negative employment action in the form of discipline and termination.

76. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **GETZBERG** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

77. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **GETZBERG** is entitled to all relief necessary to make her whole.

78. As a direct and proximate result of the Defendant's actions, **GETZBERG** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

79. **GETZBERG** has exhausted her administrative remedies and this count was timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

    i.       Injunctive relief directing Defendant to cease and desist from all disability discrimination of all employees;

    ii.      Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

    iii.     Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

    iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    v.      Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

    vi.     Reasonable attorney's fees plus costs;

    vii.    Compensatory damages;

    viii.   Punitive damages, and;

    ix.     Such other relief as this Court shall deem appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

                                        Respectfully submitted,

Dated: August 9, 2021        /s/ Benjamin H. Yormak
                                        Benjamin H. Yormak
                                        Florida Bar Number 71272
                                        Trial Counsel for Plaintiff
                                        Yormak Employment & Disability Law
                                        9990 Coconut Road
                                        Bonita Springs, Florida 34135
                                        Telephone: (239) 985-9691
                                        Fax: (239) 288-2534
                                        Email: byormak@yormaklaw.com